UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGE KOKOLIS, ET AL.,

    Plaintiffs,

v.                                               Case No.  8:05-cv-1896-T-24 EAJ

CITY OF BRADENTON BEACH,
FLORIDA, ET AL.,

    Defendants.
_____/

## **ORDER**

This cause comes before the Court on Plaintiffs' Motion to Remand (Doc. No. 7). Defendants filed a Response in opposition thereto (Doc. No. 8).

On September 27, 2005, Plaintiffs filed a complaint in the Twelfth Judicial Circuit, in and for Manatee County, Florida, alleging numerous claims against Defendants based upon a dispute over the authority and jurisdiction of Defendants to enforce what is, in essence, a settlement agreement among the parties regarding fines imposed on some of the properties owned by Plaintiffs by the Code Enforcement Board. It also involves a claim in Count VII that Plaintiff Gazebo Restaurant, Inc. was denied the due process guaranteed to it by the Fourteenth Amendment to the U.S. Constitution and the Florida Constitution by the alleged failure of Defendants to provide any notice to it of Defendants' proceedings that led to the subject fines. On October 12, 2005, Defendants filed a Notice of Removal asserting federal jurisdiction pursuant to 28 U.S.C. § 1331 based on Count VII of Plaintiffs' complaint, which seeks a declaratory judgment that Defendants' failure to provide notice is violative of the Fourteenth Amendment to the U.S. Constitution and the Florida Constitution.

Plaintiffs now move this Court to remand the case back to state court.  Plaintiffs argue that Count VII is a violation of procedural due process claim that would be more properly addressed by the state court and that, because Plaintiffs have the choice of relying solely on state law, removal is not warranted.  The case law, however, is clear that removal was proper in this case.

Removal jurisdiction based on a federal question is governed by the "well-pleaded complaint rule," under which a case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint.  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  Under this rule, a case may be removed based on federal question jurisdiction "only when the plaintiff's statement of his own cause of action shows that it is based on federal law." BLAB T.V. of Mobile, Inc. v. Comcast Cable Communications, Inc., 182 F.3d 851, 854 (11th Cir. 1999).  In the case at bar, Plaintiffs' statement of their own cause of action shows that it is based on federal law, i.e., the Fourteenth Amendment to the U.S. Constitution.  Plaintiffs do, in fact, have the choice of relying solely on state law, but have not done so in their case.  See Ashley v. Southwestern Bell Tel. Co., 410  F. Supp. 1389 (W.D. Tex. 1976).  Accordingly, the Court finds that removal was proper.

Accordingly, it is ordered and adjudged that Plaintiffs' Motion to Remand (Doc. No. 7) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 12th day of December, 2005.

/s/ Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record

2